IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
C/A No.: 2:24-cv-06898-BHH-MHC

| | |
|---|---|
| Larry Odom,<br><br>        Plaintiff,<br><br>v.<br><br>Georgetown County School District, Keith Price, Bethany Giles, and William "Bill" Gaskins,<br><br>        Defendants. | **ANSWER** |

NOW COMES the Defendants Georgetown County School District, Keith Price, Bethany Giles, and William "Bill" Gaskins (hereinafter "Defendants" or "GCSD"), by and through their undersigned counsel, and answer the Complaint of Plaintiff Larry Odom (hereinafter "Plaintiff"), denying all allegations not specifically admitted, as follows:

### INTRODUCTION

1. In Paragraphs 1 through 5 of Plaintiff's Complaint, Plaintiff attempts to set forth the nature of his courses of action. To the extent that Plaintiff has alleged any justiciable claims, jurisdiction is appropriate in the U.S. District Court, District of South Carolina.

### PARTIES

**2.** In Paragraphs 6 through 12 of Plaintiff's Complaint, Plaintiff attempts to set forth the identities of the parties. To the extent that Plaintiff has alleged any justiciable claims, the parties appear to be correctly identified.

1

## JURISDICTION

3. In Paragraphs 13 through 18 of Plaintiff's Complaint, Plaintiff attempts to set forth jurisdiction over this lawsuit. To the extent that Plaintiff has alleged any justiciable claims, jurisdiction is appropriate in the U.S. District Court, District of South Carolina.

## PROCEDURAL REQUIREMENTS

4. Defendants deny the allegations in Paragraphs 19 through 22 of Plaintiff's Complaint and demand strict proof of the same.

## PLAINTIFF'S ALLEGATIONS

5. Upon information and belief, Defendants admit Paragraphs 23 through 26 of Plaintiff's Complaint.

6. In Paragraphs 27 through 73 of Plaintiff's Complaint, Plaintiff attempts to set forth allegations supporting his claims. Defendants deny any allegation to the extent that it would support a finding that any of the Defendants are liable to Plaintiff in any way.

7. Unless otherwise admitted, Paragraphs 27 through 73 of Plaintiff's Complaint are denied and strict proof is demanded of the same.

## FIRST CAUSE OF ACTION
### (RETALIATION FOR COMPLAINTS REGARDING RACE DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. 1981, SCHAC LAWS AGAINST GEORGETOWN COUNTY SCHOOL DISTRICT)

8. Defendants incorporate their responses to Plaintiff's allegations in Paragraphs 1 through 73 as if fully set forth herein.

9. In Paragraphs 74 through 92 of Plaintiff's Complaint, Plaintiff attempts to set forth his allegations in support of his claim for retaliation.

10. Defendants deny all allegations made by Plaintiff in Paragraphs 74 through 92 of Plaintiff's Complaint, and demand strict proof thereof. Plaintiff must also demonstrate that he has satisfied the administrative prerequisites of the claim.

## SECOND CAUSE OF ACTION
### (DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AGAINST GEORGETOWN COUNTY SCHOOL DISTRICT)

11. Defendants incorporate their responses to Plaintiff's allegations in Paragraphs 1 through 92 as if fully set forth herein.

12. In Paragraphs 93 through 102 of Plaintiff's Complaint, Plaintiff attempts to set forth his allegations in support of his claim for Discrimination in Violation of the Age Discrimination in Employment Act. Defendants deny all allegations made by Plaintiff in Paragraphs 93 through 102 of Plaintiff's Complaint, and demand strict proof thereof. Plaintiff must also demonstrate that he has satisfied the administrative prerequisites of the claim.

## THIRD CAUSE OF ACTION
### (DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT/AMERICANS WITH DISABILITIES ACT AGAINST GEORGETOWN COUNTY SCHOOL DISTRICT.)

13. Defendants incorporate their responses to Plaintiff's allegations in Paragraphs 1 through 102 as if fully set forth herein.

14. In Paragraphs 103 through 119 of Plaintiff's Complaint, Plaintiff attempts to set forth his allegations in support of his claim for Discrimination in Violation of the Rehabilitation Act/Americans with Disabilities Act.

15. Defendants deny all allegations made by Plaintiff in Paragraphs 103 through 119 of Plaintiff's Complaint, and demands strict proof thereof. Plaintiff must also demonstrate that he has satisfied the administrative prerequisites of the claim.

**FOURTH CAUSE OF ACTION**
**(HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII, 42 U.S.C. 1981, ADEA, REHABILITATION ACT, AMERICANS WITH DISABILITIES ACT AND SOUTH CAROLINA HUMAN AFFAIRS LAWS AGAINST GEORGETOWN COUNTY SCHOOL DISTRICT)**

16. Defendants incorporate their responses to Plaintiff's allegations in Paragraphs 1 through 119 as if fully set forth herein.

17. In Paragraphs 120 through 134 of Plaintiff's Complaint, Plaintiff attempts to set forth his allegations in support of his claim for Hostile Work Environment.

18. Defendants deny all allegations made by Plaintiff in Paragraphs 120 through 134 of Plaintiff's Complaint, and demand strict proof thereof.

**FIFTH CAUSE OF ACTION**
**(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY/WHISTLEBLOWER AGAINST GEORGETOWN COUNTY SCHOOL DISTRICT)**

19. Defendants incorporate its responses to Plaintiff's allegations in Paragraphs 1 through 134 as if fully set forth herein.

20. In Paragraphs 135 through 147 of Plaintiff's Complaint, Plaintiff attempts to set forth his allegations in support of his claim for Wrongful Termination in Violation of Public Policy/Whistleblower. GCSD also notes that Plaintiff is estopped from making his claim as he has failed to adequately define the "public policy" underlying his claim, and in the alternative, he had a statutory remedy available to him.

21. Defendants deny all allegations made by Plaintiff in Paragraphs 135 through 147 of Plaintiff's Complaint, and demand strict proof thereof.

**SIXTH CAUSE OF ACTION**
**(SLANDER AGAINST KEITH PRICE, BETHANY GILES AND WILLIAM "BILL" GASKINS)**

22. Defendants incorporate their responses to Plaintiff's allegations in Paragraphs 1 through 147 as if fully set forth herein.

4

23. In Paragraphs 148 through 157 of Plaintiff's Complaint, Plaintiff attempts to set forth his allegations in support of his claim for Slander against the individual Defendants.

24. Defendants deny all allegations made by Plaintiff in Paragraphs 148 through 157 of Plaintiff's Complaint, and demand strict proof thereof.

### SEVENTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH A CONTRACT AGAINST KEITH PRICE, BETHANY GILES, AND WILLIAM "BILL" GASKINS)

25. Defendants incorporate their responses to Plaintiff's allegations in Paragraphs 1 through 157 as if fully set forth herein.

26. In Paragraphs 158 through 169 of Plaintiff's Complaint, Plaintiff attempts to set forth his allegations in support of his claim Tortious Interference with a Contract against Keith Price, Bethany Giles, and William "Bill" Gaskins.

27. Defendants deny all allegations made by Plaintiff in Paragraphs 158 through 169 of Plaintiff's Complaint, and demand strict proof thereof. Further, Plaintiff's claim is barred by the doctrine of workers compensation exclusivity.

### EIGHTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH A CONTRACT AGAINST ALL DEFENDANTS)

28. Defendants incorporate their responses to Plaintiff's allegations in Paragraphs 1 through 169 as if fully set forth herein.

29. In paragraphs 170 through 179, Plaintiff attempts to set forth his allegations in support of his claims for Tortious Interference with a Contract against all Defendants.

30. Defendants deny all allegations made by Plaintiff in Paragraphs 170 through 179 of Plaintiff's Complaint, and demand strict proof thereof. Further, Plaintiff's claim is barred by the doctrine of workers compensation exclusivity.

**NOW THEREFORE,** having fully answered the allegations set forth in Plaintiff's Complaint, the Defendants now sets forth their **DEFENSES and AFFIRMATIVE DEFENSES:**

### FOR A FIRST DEFENSE

1. Plaintiff's Complaint fails to state facts sufficient to constitute any cause of action or any claim upon which relief may be granted against the Defendant under Rule 12(b)(6) or Rule 12(c) of the Federal Rules of Civil Procedure.

### FOR A SECOND DEFENSE

2. Upon information and belief, the Plaintiff has failed to mitigate any damages he has allegedly suffered. Furthermore, Plaintiff's claims may be barred by the doctrines of waiver, unclean hands, *res judicata*, collateral estoppel, and/or the doctrine of workers' compensation exclusivity.

### FOR A THIRD DEFENSE

3. Plaintiff's claims are barred, in whole or in part, under the applicable statute of limitations.

### FOR A FOURTH DEFENSE

4. The conduct of the Defendants are not the proximate cause of the Plaintiff's injuries, if any, which the Defendants specifically denies.

### FOR A FIFTH DEFENSE

5. To the extent Plaintiff has failed to comply with the pre-conditions to suit prescribed by the Title VII, ADA, or ADEA, his claim under this statute is barred.

**FOR A SIXTH DEFENSE**

6.  To the extent Plaintiff's claim under the Title VII, ADA, or ADEA alleges a basis or bases of unlawful discrimination different from that specified in Plaintiff's charge filed with the Equal Employment Opportunity Commission ("EEOC") and/or the South Carolina Human Affairs Commission ("SHAC"), such a claim is not actionable.

**FOR A SEVENTH DEFENSE**

7.  Plaintiff has not suffered any significant or adverse employment action, or been subjected to a hostile work environment, or suffered any damage, because of discrimination based on religion, age, gender, race, retaliation, or any other protected bases as required under the Title VII, ADA, or ADEA.

**FOR AN EIGHTH DEFENSE**

8.  To the extent Plaintiff has not commenced this action within 90 days of her receipt of the appropriate Notice of Right to Sue from the EEOC or SHAC, her claim under this statute is barred.

**FOR A NINTH DEFENSE**

9.  To the extent Plaintiff's claims under the Title VII, ADA, or ADEA is based on conduct occurring prior to 300 days of the filing of Plaintiff's charge with the EEOC or SHAC, her claim under this statute is barred.

**FOR A TENTH DEFENSE**

10.  To the extent that Plaintiff has attempted to state a Title VII, ADA, or ADEA claim against individual defendants, such a claim is not justiciable and must be dismissed with prejudice.

**FOR AN ELEVENTH DEFENSE**

11. Plaintiff's claim under the S.C. Whistleblower Protection Act, S.C. Code Ann. § 8-27-10 *et seq.*, is barred as he has failed to demonstrate that he has satisfied the prerequisites of the claim.

### FOR A TWELFTH DEFENSE

12. Plaintiff's claim against Defendants for "public policy discharge" is barred because he fails to set forth a clearly stated "public policy."

### FOR A THIRTEENTH DEFENSE

13. Plaintiff's claim against Defendants for "public policy discharge" is barred because he failed to avail herself of a statutory remedy.

### FOR A FOURTEENTH DEFENSE

14. Defendants are immune to Plaintiffs' tort claims under the following provisions of the S.C. Tort Claims Act: S.C. Code Ann. § 15-78-20, S.C. Code Ann. § 15-78-30, S.C. Code Ann. § 15-78-60(4), S.C. Code Ann. § 15-78-60(5), S.C. Code Ann. § 15-78-60(17), S.C. Code Ann. § 15-78-60(25), S.C. Code Ann. § 15-78-70, S.C. Code Ann. § 15-78-110, and S.C. Code Ann. § 15-78-120.

### FOR A FIFTEENTH DEFENSE

15. That to the extent this action is one seeking to collect punitive or exemplary damages brought against any Defendant in this matter, such an action for punitive damages is barred as a matter of law for a number of reasons, including: the due process clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment to the United States Constitution; an arguable extension of the prohibition of the excessive fines clause of the Eighth Amendment, as applied to the states through the Fourteenth Amendment; an arguable extension of the provisions of the Sixth Amendment to the United States Constitution, made applicable to the

states through the Fourteenth Amendment; relevant provisions of the South Carolina Constitution, including, but not limited to, Article I, Section 3; the South Carolina Tort Claims Act; and South Carolina law concerning charitable immunity; all of which are asserted as bars to recovery of punitive damages against this Defendants.

16. That, moreover, as the present case and statutory law standard to measure and confer power to a jury to award punitive damages under South Carolina law has not been formulated to comport with federal or state constitutional rights and guarantees, lacks objective criteria, lacks a meaningful standard, is void for vagueness, and violates constitutional due process and equal protection procedural protection; an award of punitive damages would violate the Defendants' constitutional rights and guarantees.

17. That the Plaintiff has failed as a matter of law to state a claim for which punitive damage relief is available against the Defendants.

18. That further, any award of punitive damages is subject to the limitations set forth in S.C. Code Ann. § 15-32-530.

**WHEREFORE,** having fully answered the Complaint herein, Defendants requests that:

1. the relief sought by Plaintiff be denied in each and every respect;

2. the claims asserted by Plaintiff be dismissed in their entirety with prejudice; and

3. Defendants be awarded their costs and attorneys' fees under applicable case and statutory laws and such other and further relief as this Court may deem just and proper.

Dated this the 26th day of November, 2024.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

/s/Eugene H. Matthews
Eugene H. Matthews, ID #7141
Chandra A. Stallworth, ID #13526
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400
F: (803) 779-0016
Email: gmatthews@RichardsonPlowden.com
Email: cstallworth@RichardsonPlowden.com

**COUNSEL FOR DEFENDANTS**