IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
C/A No.: 2:24-cv-06898-BHH-MHC

| | |
|---|---|
| Larry Odom,<br><br>      Plaintiff,<br><br>v.<br><br>Georgetown County School District, Keith Price, Bethany Giles, and William "Bill" Gaskins,<br><br>      Defendants. | **DEFENDANTS' ANSWER TO LOCAL RULE 26.03 INTERROGATORIES** |

  NOW COME Defendants Georgetown County School District, Keith Price, Bethany Giles, and William "Bill" Gaskins ("Defendants"), by and through counsel, and answer the Interrogatories set forth in Local Rule 26.03 of the Federal Rules of Civil Procedure as follows:

  **1.**  **Local Rule 26.03(A)(1):** A short statement of the facts of this case.

**RESPONSE:**

  Plaintiff Larry Odom is a former principal at Carvers Bay High School which is located in Georgetown County School District. Plaintiff served as principal until June 2024. During Plaintiff's time as principal the district and school was the recipient of a Magnet School Assistant Program grant. The purpose of the federal grant is to establish and operate magnet schools, with special curricula, to attract a diverse group of students and desegregate public schools. Carver's Bay was one of five school within Georgetown Count School District who received grant funding.

  Plaintiff was initially offered a "Letter of Agreement" for the 2024-2025 school year. Within the letter, Defendant district specifically outline that "Letters of Agreement are considered at-will employees and have no continued expectation of employment, either for the remainder of the school year for which they are hired or for subsequent school years." After the letter of agreement was signed, Defendant district decided to rescind Plaintiff's "Letter of Agreement."

  **2.**  **Local Rule 26.03(A)(2):** The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

    Keith Price
    Bethany Giles
    William "Bill" Gaskins
    Constance May
    Doug Jenkins
    Kathy Anderson
    Robert Cox
    Patti Hammel
    Scott DuBose
    Sandra Johnson
    Randy Walker
    Keith Moore
    Nicole Young
    Plaintiff, Larry Odom will testify to the allegations outlined in the Complaint.

3.    **Local Rule 26.03(A)(3):** **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered):**

**RESPONSE**:

Defendants have not identified an expert at this time.

4.    **Local Rule 26.03(A)(4):** **Summary of the Claims or Defenses with Statutory and/or Case Citations Supporting the Same.**

**RESPONSE:**

- Plaintiff has brought the eight claims against Defendants in this action.
- Race Discrimination violation of Title VII and 42 U.S.C. 1981
- Hostile Work Environment
- Retaliation in violation of Title VII and 42 U.S.C. 1981
- Age Discrimination in Employment Act
- Discrimination in violation of ADA/Rehabilitation Act
- Hostile Work Environment in violation of Title VII, 42 U.S.C. 1981, ADEA Rehabilitation Act/ADA, SCHAC
- Wrongful Termination in Violation of Public Policy/Whistleblower Statute
- Slander
- Tortious Interference with a Contract

Defendants have asserted the following defenses:

- Failure to state a claim
- Failure to mitigate damages
- Statute of Limitations
- Conduct not Proximate cause of Injuries
- No Adverse Employment Actions
- No Hostile Work Environment
- Claims Not Justiciable Against Individual Defendants
- Immunity to Plaintiff's Tort Claim
- Not liable for punitive damages
- Failure to State a Claim for Which Punitive Damage Relief is Available
- Punitive Damages subject to limitations

**5.    Local Rule 26.03(A)(5):  Absent special circumstances from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Rule 16.02:**

**RESPONSE**:

    1.    Exchange of FRCP 26(A)(2) Expert Disclosures.  Defendant has no objection to the current Amended Conference and Scheduling Order.

    2.    Completion of Discovery. Defendant has no objection to the current Amended Conference and Scheduling Order.

**6.    Local Rule 26.03(A)(6):  The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the Scheduling Order.**

**RESPONSE**:

    None anticipated at this time.

**7.    Local Rule 26.03(A)(7):  The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Rule 16.01) or otherwise requested by the assigned judge.**

**RESPONSE**:

    None.

Dated this the 6th day of January, 2024.

           Respectfully submitted,

           RICHARDSON PLOWDEN & ROBINSON, P.A.

           /s/ Chandra A. Stallworth
           Eugene H. Matthews, #7141
           Chandra A. Stallworth, #13525
           Post Office Drawer 7788
           Columbia, South Carolina 29202
           T: (803) 771-4400
           F: (803) 779-0016
           E-mail: gmatthews@RichardsonPlowden.com
           E-mail: cstallworth@richardsonPlowden.com

           **COUNSEL FOR DEFENDANTS**