IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Larry Odom,<br><br>Plaintiff,<br><br>v.<br><br>Georgetown County School District, Keith Price, Bethany Giles, and William "Bill" Gaskins,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:24-cv-06898-BHH<br><br>**ORDER** |

Plaintiff Larry Odom ("Plaintiff"), a former employee of Defendant Georgetown County School District ("GCSD" or the "District"), brings this action alleging various state-law causes of action as well as claims of employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"); 42 U.S.C. § 1981; the Americans with Disabilities Act ("ADA"); the Rehabilitation Act; the Age Discrimination in Employment Act ("ADEA"), and the South Carolina Human Affairs Law ("SCHAL"). (ECF No. 1-1.) Plaintiff originally filed this action in the Court of Common Pleas of Georgetown County. (*Id.*) Defendants removed the case to this Court on the basis that Plaintiff's federal claims fall under this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1.)

Now before the Court are two pending motions filed by Defendants: a motion for summary judgment (ECF No. 21) and a motion to strike Plaintiff's declaration.[1] (ECF No. 29.) These motions have been fully briefed and are ripe for review. (See ECF Nos. 24-25,

[1] *See* ECF No. 24-1.

30-31.) Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A) and (B), and the Local Rules, D.S.C., these motions were referred to a United States Magistrate Judge for consideration.

On July 29, 2026, United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") recommending that the Court grant Defendants' motion for summary judgment (ECF No. 21) with respect to all federal claims and remand the remaining state law claims to state court. (ECF No. 33.) The Magistrate Judge further recommends that the Court either deny without prejudice Defendants' motion to strike or leave the motion pending for consideration by the state court on remand in accordance with state procedural rules. (*Id.* at 7.)

On August 12, 2026, both parties filed objections to the Report. (ECF Nos. 34-35.) Defendants' objections were filed for limited purposes: "to encourage the District Court to exercise jurisdiction over Plaintiff's state law claims, to rule upon them, and to dismiss them with prejudice." (ECF No. 34 at 1.) Plaintiff's objections are also narrowly focused: Plaintiff objects to the Report's recommendation that Plaintiff's federal claims be dismissed. (ECF No. 35 at 4.) On August 26, 2026, Defendants filed a reply to Plaintiff's objections. (ECF No. 36.)

## STANDARDS OF REVIEW

### I. Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no

material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**II. The Magistrate Judge's Report**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

In her Report, the Magistrate Judge considered the parties' arguments and determined that Defendants are entitled to summary judgment on Plaintiff's federal

claims. Specifically, as to Plaintiff's retaliation claim under Title VII, § 1981, and SCHAL, the Magistrate Judge determined that Plaintiff cannot establish causation at the *prima facie* stage, that GCSD has articulated a legitimate, non-discriminatory, non-retaliatory reason for rescinding Plaintiff's Letter of Agreement, and that Plaintiff has not produced evidence from which a reasonable jury could find pretext.

Next, as to Plaintiff's ADEA discrimination claim against GCSD, the Magistrate Judge found that, even if Plaintiff could establish a *prima facie* case of age discrimination, GCSD has produced evidence that the recission of the Letter of Agreement was done for legitimate, nondiscriminatory reasons, and Plaintiff has not produced evidence to satisfy his ultimate burden that age was the but-for cause of this alleged discriminatory action.

As to Plaintiff's disability discrimination claim against GCSD, the Magistrate Judge noted that Plaintiff does not dispute GCSD's assertion that he has not made any leave requests since 2022, nor does Plaintiff offer any evidence beyond his own speculation that GCSD regarded him as having a disability. In sum, the Magistrate Judge determined that there was no evidence from which a reasonable jury could conclude that but for Plaintiff's perceived disability, the Letter of Agreement would not have been rescinded.

Finally, as to Plaintiff's hostile work environment claim against GCSD, the Magistrate Judge found that Plaintiff has not produced sufficient evidence to create a jury question as to the objective component of the severe and pervasive element of a hostile work environment claim.

For all the aforementioned reasons, the Magistrate Judge found that Defendants are entitled to summary judgment on all of Plaintiff's federal claims.

As noted above, both parties filed objections to the Report. The Court turns to Plaintiff's objections first.

## I. Plaintiff's Objections

After a thorough review of Plaintiff's objections and the record, the Court finds that Plaintiff's objections lack merit. Plaintiff generally objects to the Report because, according to Plaintiff, the "Court decided to render its decision in the Defendant's [sic] format not even considering the Plaintiff's contentions as supported by actual information." (ECF No. 35 at 6.) Plaintiff states that the Report "sets forth errors of fact and law," and he contends that he "has presented a genuine issue of material fact [as] to each cause of action." (*Id.*) Plaintiff claims that the Court "has chosen to present minimal facts," "failed to consider the actions of the Defendant[s] and their treatment of [Plaintiff]," and has ignored the reasons set forth by Plaintiff for his termination "as illustrated in his declaration"[2] and Plaintiff's response to Defendants' motion. (*Id.* at 6-8.) Plaintiff then simply copies and pastes several pages of factual allegations from his response to Defendants' motion for summary judgment,[3] repeats previously made arguments[4] that were addressed by the Magistrate Judge,[5] and concludes that the "Report clearly sets forth errors of law and a misrepresentation of the facts in order to perpetrate an injustice against the Plaintiff." (*Id.* at 13.) Plaintiff does not provide any additional substantive

[2] Based on well-settled law as outlined in her Report, the Magistrate Judge correctly determined that the Court cannot consider Plaintiff's declaration as evidence on summary judgment." (ECF No. 33 at 3-7.) Plaintiff does not object to this finding in the Report yet, puzzledly, urges the Court to find error in the Report's recommendation to dismiss Plaintiff's federal claims by relying on statements contained in Plaintiff's declaration.

[3] *Compare* ECF No. 35 at 8-9, 12 *with* ECF No. 24 at 9-14.

[4] *See, e.g.,* ECF No. 35 at 9. *with* ECF No. 24 at 18.

[5] *See* ECF No. 33 at 19-20.

arguments, whether factual or legal. Indeed, the only law Plaintiff cites in his objections appears in the standard of review section. (*See id.* at 4-6.)

In all, the Court finds that the Magistrate Judge fairly and accurately summarized the facts, considered the facts in the light most favorable to Plaintiff, and applied the correct principles of law. The Court finds that Plaintiff's objections do not point to any specific error in the Magistrate Judge's analysis. In addition, the Court finds that Plaintiff's objections fail to demonstrate a genuine issue of material fact as to any of his federal claims against Defendants.

**II. Defendants' Objections**

Defendants object to the Magistrate Judge's recommendation that Plaintiff's state law claims be remanded to state court. (ECF No. 34.) Plaintiff's complaint asserts the following state-law claims: (a) a claim against GCSD for wrongful termination in violation of public policy and the South Carolina Whistleblower Act; (b) a claim against individual Defendants Price, Giles, and Gaskins for slander; (c) a claim against individual Defendants Keith Price, Bethany Giles, and William Gaskins for tortious interference with a contract; and (d) a claim against all Defendants for tortious interference with a contract. (ECF No. 1-1 at 24-30.)

In support of their objection, Defendants note that, while factors such as fairness, the existence of any underlying issues of federal policy, comity, and judicial economy should be considered, they direct the Court to other factors that have been considered by district courts in the Fourth Circuit:

> (1) whether the claim involves straightforward application of well-defined case law, *Caughman v. S.C. Dep't of Motor Vehicles*, 2010 WL 348375, at *2 (D.S.C. Jan. 26, 2010); (2) whether the parties have completed discovery, id.; (3) whether the complaint was filed in federal court, *Spears*

> *v. Water & Sewage Auth. of Cabarrus Cty.*, 2017 WL 2275011, at *9 (M.D.N.C. May 24, 2017); and (4) length of time the case has been pending in federal court, *de Reyes v. Waples Mobile Home Park Ltd. P'ship*, 251 F. Supp. 3d 1006, 1023 (E.D. Va. 2017), *vacated and remanded on other grounds*, 903 F.3d 415 (4th Cir. 2018).

(ECF No. 34 at 2.) They also rely on *Sales v. Res-Care, Inc.*, No. 3:18-cv-03591-JFA-JDA, 2021 WL 1186553 (D.S.C. 2021), a case where the district court retained jurisdiction of two state law claims, noting that the case had been pending for over two years, that Plaintiff elected to file in federal court, that the state court would need to acquaint itself with the case, and that dismissal would needlessly cause delay if Plaintiff seeks relief in state court. *Id.* at *5. Defendants claim that these additional factors weigh in favor of the Court retaining jurisdiction because while Plaintiff filed this action in state court, half of his claims are federal claims; discovery ended on August 28, 2025; dismissal would cause needless delay; this Court versus state court is already familiar with the case; and the state law claims do not require novel interpretation of state law. (ECF No. 34 at 3.)

A district court "may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (citing 28 U.S.C. § 1367(c)); *see also Carlsbad Tech., Inc., v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). "Generally, when a district court dismisses all federal claims in the early stages of litigation – e.g., at the summary judgment stage – it should decline to exercise jurisdiction over any remaining pendent state law claims." *Henderson*, 102 F.4th at 251; *see also Rodriguez v. FastMed Urgent Care, P.C.*, 741 F. Supp. 3d 352, 364 (E.D.N.C. 2024) ("Eliminating all federal claims before trial generally suffices for a federal court to

decline supplemental jurisdiction over pendent state-law claims."). The Court further notes that it has wide discretion in making this determination and "should consider and weigh [several factors, including] . . . judicial economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

In her Report, the Magistrate Judge found that the balance of these factors weighs in favor of remand, citing to *Carnegie-Mellon University*, wherein the Supreme Court stated, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. at 351 n.7.

After review, the Court agrees with the Magistrate Judge's recommendation that the Court decline to exercise jurisdiction over Plaintiff's state law claims. *See, e.g., United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (warning that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f federal claims are dismissed before trial . . . the state law claims should be dismissed as well"); *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 553 n.4 (4th Cir. 2006) ("Once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction." (citing *Carnegie-Mellon Univ*., 484 U.S. at 353-54)).

First, Plaintiff elected to file suit initially in South Carolina state court, and the case was removed by Defendants. (ECF No. 1.) Therefore, Plaintiff has a clear preference for state court, while Defendants desire federal court. (*See id.) See generally Ndanyi v. Aureon HR I Inc.*, C/A No. 6:18-2531-HMH-JDA, 2018 WL 6065354, at *1-2 (D.S.C. Nov.

20, 2018) (overruling an objection asking the court to retain supplemental jurisdiction); *Varner v. SERCO, Inc.,* C/A No. 2:16-cv-2340-DCN, 2018 WL 1305426, at *4 (D.S.C. Mar. 12, 2018) (exercising supplemental jurisdiction when a plaintiff originally filed his lawsuit in federal court). Further, Plaintiff and the individual Defendants are South Carolina citizens. (ECF No. 1-1 at 5.) Thus, Georgetown County Court of Common Pleas is both a convenient and fair forum for the state law claims. Second, the state law claims have no connection to federal interests or policies, and South Carolina has a strong interest in deciding the state law issues that remain. Next, the Court notes that if summary judgment were to be denied on any of the remaining state law claims, it would be more appropriate for these claims to be tried in a state court. *See Walker v. Progressive Cas. Ins. Co.*, No. 3:17-CV-01935-JMC, 2019 WL 1090723, at *8 (D.S.C. Mar. 8, 2019) (finding that because state appellate courts have allowed some cases to go forward and refused in other cases, "a state court is better suited to consider Plaintiff's public policy discharge claim" where Plaintiff's only federal claim was dismissed"). Thus, considerations of comity also support remand. Lastly, judicial economy does not disfavor remand to state court merely because the parties have completed discovery and briefed their state law claims. *See generally Ryals v. City of Hanahan*, C/A No. 2:17-cv-2185-RMG, 2018 WL 6061226, at *3 (D.S.C. Nov. 20, 2018) ("There are no issues of judicial economy weighing against remand as discovery is complete and the case is pending resolution."). Indeed, the Magistrate Judge's Report does not address Plaintiff's remaining state law claims, and this Court would also be examining those claims in the first instance. (*See* ECF No. 33.) As such, judicial economy does not favor supplemental jurisdiction and favors

remanding the action to the Georgetown County Court of Common Pleas. Therefore, the Court overrules Defendants' objections.

## CONCLUSION

Based on the foregoing, the Court hereby **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 33); **overrules** Plaintiff's objections (ECF No. 35); **overrules** Defendants' objections (ECF No. 34); and **grants** Defendants' motion for summary judgment (ECF No. 21) **as to Plaintiff's federal claims** and **remands** Plaintiff's remaining state law claims to the Court of Common Pleas for Georgetown County, South Carolina.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 1, 2026
Charleston, South Carolina